UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAVID AIKENS

VERSUS

BENJAMIN JOHNSON AND
MERRELL LYNCH-BANK OF
AMERICA

CIVIL ACTION

NO. 16-729-SDD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 18, 2016.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAVID AIKENS

VERSUS

BENJAMIN JOHNSON AND
MERRELL LYNCH-BANK OF
AMERICA

CIVIL ACTION

NO. 16-729-SDD-EWD

## REPORT AND RECOMMENDATION

On October 31, 2016, Plaintiff, David Aikens ("Plaintiff") filed a Complaint against defendants, Benjamin Johnson and Merrell Lynch-Bank of America (collectively, "Defendants") as well as a Motion for Leave to Proceed in Forma Pauperis.[1]

On November 2, 2016, this court granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis[2] and scheduled a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) on November 16, 2016 at 1:00 p.m. to determine whether all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).[3]  The Order setting the November 16, 2016 hearing directed that notice of the hearing be sent to Plaintiff via certified mail, return receipt requested and explicitly advised Plaintiff that "failure to appear may result in the dismissal of this action."[4]  The Order setting the hearing was sent to "David Aikens, 1100 Hwy 67, Slaughter, LA 70777" and, per the return receipt, was received by Plaintiff

---

[1] R. Docs. 1 & 2.
[2] R. Doc. 4.
[3] R. Doc. 3.
[4] R. Doc. 3.

2

on November 5, 2016.[5]  Plaintiff failed to appear at the November 16, 2016 hearing and failed to contact the court, either before or after the scheduled hearing, regarding his absence.

Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

Although the rule speak of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte*, with or without notice to the parties.  This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.  *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (*citing Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)).

Dismissal is a serious sanction that implicates due process.  *See*, *e.g.*, *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).  Moreover, "[t]he imposition of a sanction without a prior warning is to be avoided." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Here, as noted above, the Order setting the November 16, 2016 hearing explicitly advised Plaintiff that "failure to appear may result in the dismissal of this action."[6]  Dismissal under these circumstances is within the court's discretion.  In light of Plaintiff's failure to appear, despite a clear provision explaining the consequences of failure to appear in the Order setting the hearing, the court finds that the Complaint should be dismissed, but without prejudice.

---

[5] R. Doc. 6.
[6] R. Doc. 3.

## **RECOMMENDATION**

It is recommended that this matter be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to appear, as ordered, at a scheduled hearing in this matter.

Signed in Baton Rouge, Louisiana, on November 18, 2016.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**