UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID AIKENS                                    CIVIL ACTION

VERSUS                                          16-729-SDD-EWD

BENJAMIN JOHNSON, AND
MERRILL LYNCH, PIERCE, FENNER,
& SMITH INCORPORATED

# RULING

This matter is before the Court on the *Motion to Dismiss or in the Alternative to Stay Pending Arbitration*[1] filed by Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"). Plaintiff David Aikens ("Plaintiff"), proceeding *pro se*, has filed an *Opposition*[2] to this motion. Also before the Court is the *Motion to Dismiss*[3] by Defendant Benjamin Johnson ("Johnson"), to which Plaintiff filed an Opposition.[4] Plaintiff has also filed a *Motion to Not Dismiss Case or Compel any Arbitration*,[5] which is essentially an opposition to the motions of the Defendants. Merrill Lynch has filed an *Opposition*[6] to Plaintiff's motion. For the following reasons, the Court finds that this action should be stayed pending arbitration.

---

[1] Rec. Doc. No. 26.
[2] Rec. Doc. No. 36.
[3] Rec. Doc. No. 24.
[4] Rec. Doc. No. 36.
[5] Rec. Doc. No. 33.
[6] Rec. Doc. No. 35.
40256

## I. FACTUAL BACKGROUND[7]

Plaintiff in this matter is the son of Huey and Elvira Aikens. Prior to 1992, Huey Aikens opened an account with Merrill Lynch naming his wife, Elvira Aikens, as sole beneficiary. Huey Aikens passed away in 1993. On March 17, 1993, Elvira Aikens opened an Individual Retirement Account ("IRA") pursuant to the Merrill Lynch IRA Adoption Agreement.[8] The IRA Adoption Agreement contains an arbitration provision stating: "I am agreeing in advance to arbitrate any controversies which may arise with the custodian."[9] The IRA was governed by the terms and conditions set forth in the Merrill Lynch Traditional Individual Retirement Account Custodial Agreement ("Custodial Agreement").[10]

The IRA Adoption Agreement executed by Elvira Aikens designated Plaintiff as one of eight beneficiaries to receive 12.5% of the balance of Elvira's account upon her death. Nevertheless, between 1997 and December 2001, Elvira Aikens withdrew all of the funds from her account, and the account was closed in December 2001.[11] Elvira Aikens passed away on January 30, 2006.

Plaintiff filed this lawsuit claiming, *inter alia*, that Defendants have committed theft of his inheritance, fraud, and have failed to turn over relevant documents relating to the financial information of both his father and mother. Johnson moved to dismiss alleging the Court lacks jurisdiction based on a lack of federal question or diversity jurisdiction.

---

[7] The facts are derived from the *Complaint* (Rec. Doc. No. 1) and the *Affidavit* (Rec. Doc. No. 26-2) of Debra Brown, Merrill Lynch Documents Custodian.
[8] Rec. Doc. No. 26-3.
[9] *Id.*
[10] Rec. Doc. No. 26-4.
[11] Rec. Doc. No. 26-5.

40256

Merrill Lynch moves to dismiss or alternatively requests a stay pending arbitration considering the binding arbitration provision in the governing contract.

**II.     LAW & ANALYSIS - Arbitration**

The Fifth Circuit has recognized that "[a]rbitration is favored in the law."[12] Moreover, there is a "liberal Federal Policy favoring arbitration agreements."[13] When presented with a motion to compel arbitration under the Federal Arbitration Act ("FAA"),[14] a court must first determine whether the FAA is applicable. The FAA provides, in pertinent part, that a:

> written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.[15]

The Supreme Court has held that the FAA governs all contracts that are within the reach of the Commerce Clause and has instructed courts to interpret broadly the phrase "involving commerce," to be functionally equivalent to "affecting."[16]

If the contract between the parties is governed by the FAA, the court must then employ a two-step process to determine whether the parties actually agreed to arbitrate. The court considers: (1) whether there is a valid arbitration agreement between the parties; and (2) whether the dispute in question falls within the scope of the agreement.[17]

Merill Lynch cites the arbitration clause set forth in the IRA Custodial Agreement to which Evira Aikens acknowledged and agreed. The relevant arbitration clause in the IRA

---

[12] *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir.2000) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).
[13] *Green Tree Fin. Corp.-Ala v. Randolph*, 531 U.S. 79, 91 (2000).
[14] 9 U.S.C. § 3.
[15] 9 U.S.C. § 2.
[16] *See Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 277 (1995).
[17] *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).
40256

Custodial Agreement provides as follows:

> 6.4   ARBITRATION
>
> You agree that all controversies which may arise between us, including but not limited to, those involving any transaction or the construction, performance, or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date thereof, shall be determined by arbitration.
>
> - Arbitration is final and binding on the parties.
> - The parties are waiving their right to seek remedies in court, including the right to a jury trial.
> - Pre-arbitration discovery is generally more limited than and different from court proceedings.
> - The arbitrators' award is not required to include factual findings or legal reasoning and any party's right to appeal or to see modification of rulings by the arbitrations is strictly limited.
> - The panel of arbitrators will typically include a minority of arbitrators who are affiliated with the securities industry.
>
> Arbitration under this Agreement shall be conducted only before the New York Stock Exchange, Inc., the American Stock Exchange, Inc. or arbitration facility provided by any other exchange of which Merill Lynch is a member, or the National Association of Securities Dealers, Inc., or the Municipal Securities Rulemaking Board, and in accordance with its arbitration rules then in force. You may elect in the first instance whether arbitration shall be conducted before the New York Stock Exchange, Inc., the American Stock Exchange, Inc., or the Municipal Securities Rulemaking Board… .[18]

Merill Lynch contends the arbitration provision specifically provides for mandatory arbitration of the types of claims asserted by Plaintiff in this case. Further, Merill Lynch contends that Plaintiff, as a third-party beneficiary to the contract, is bound by the provision. Indeed, if a valid agreement to arbitrate does not exist, there are nevertheless limited circumstances in which a nonsignatory to an agreement containing an arbitration

---

[18] Rec. Doc. No. 26-4, pp. 26-27.
40256

clause may be compelled to arbitrate in accordance with that clause.[19]  The Fifth Circuit has recognized six theories for binding a nonsignatory to an arbitration agreement: (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; (5) estoppel; and (6) third-party beneficiary.[20]

Here, Merill Lynch argues the IRA Adoption Agreement signed by Elvira Aikens in 1993 conferred rights to Plaintiff by clearly and unequivocally naming him as a primary beneficiary to receive 12.5% of the value of her account upon her death.  As such, Plaintiff falls squarely into the category of third-party beneficiary against whom an arbitration provision can be enforced.  Further, Merill Lynch notes that Plaintiff is using the very contract that contains the arbitration provision as the basis for his claim for damages.  Merill Lynch maintains that, where a plaintiff attempts to assert third-party benefits under a contract, that plaintiff is then bound by the whole of the contract, which includes the arbitration provision.  The Court agrees.

In his *Opposition*, Plaintiff claims that the Aikens' heirs were not notified of "some Arbitration Agreement," and argues that such an agreement should not "override" the "Laws of 1993."[21]  Plaintiff has failed to provide the Court with any proper legal challenge to the existence of the arbitration clause or to counter Merill Lynch's contention that Plaintiff's claims arise under the IRA contract.  Further, Plaintiff fails to challenge the

---

[19] See, e.g., *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 355 (5th Cir. 2003) ("[F]ederal courts have held that so long as there is some written agreement to arbitrate, a third party may be bound to submit to arbitration."); *id.* at 358 ("Arbitration agreements apply to nonsignatories only in rare circumstances.")(citing *Westmoreland v. Sadoux*, 299 F.3d 462, 465 (5th Cir. 2002)).

[20] *Id.* at 356 (citing *Thompson–C.S.F., S.A. v. Am. Arbitration Ass'n,* 64 F.3d 773, 776 (2d Cir.1995); *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S* ., 269 F.3d 187, 195–97 (3d Cir. 2001)).

[21] Rec. Doc. No. 36, p. 2.  Plaintiff does not identify what "laws of 1993" are being overridden.  Plaintiff does not appear to address the arbitration provision at all in his *Motion to Not Dismiss Case or Compel any Arbitration.*  Rec. Doc. No. 33.

40256

application of the arbitration clause to his claims as a third-party beneficiary; indeed, Plaintiff confirms this status by maintaining his rights as an heir to Huey and Elvira Aikens.

Additionally, the presence of co-defendant Johnson does not foreclosure a stay pending arbitration. While it is unclear from the current record if the arbitration provision applies to Johnson, applicable jurisprudence is clear that the Court may stay the case and allow arbitration even where some parties are not subject to arbitration.[22] Accordingly, the Court will deny Johnson's *Motion to Dismiss* without prejudice to his right to re-urge the motion if necessary following resolution of arbitration in this matter.

### III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss or in the Alternative to Stay Pending Arbitration*[23] by Merrill Lynch is DENIED in part and GRANTED in part; the Court will not dismiss the action but will stay this matter pending arbitration. Johnson's *Motion to Dismiss*[24] is DENIED without prejudice. Plaintiff's *Motion to Not Dismiss Case or Compel any Arbitration*[25] is GRANTED in part and DENIED in part as set forth above.

---

[22] *See Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20 (1983)("Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.").
[23] Rec. Doc. No. 26.
[24] Rec. Doc. No. 24.
[25] Rec. Doc. No. 33.
40256

It is ordered that this case is stayed and shall be administratively closed pending the arbitration proceedings. It is further ordered that the parties shall advise the Court of the findings of the arbitration proceedings within 30 days of the arbitrator's ruling.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 28, 2017</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**